UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:11-cv-81393-KLR

MELISSA R. BLOOM,

    *Plaintiff,*

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    *Defendant.*
_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE EXHIBITS O, V, AND W TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Melissa R. Bloom, ("Bloom") by and through undersigned counsel, hereby files her Response to Defendant's Motion to Strike Exhibits O, V, and W to Plaintiff's Motion for Summary Judgment, and in support states as follows:

Bloom contends that Hartford violated its claims practices and ignored internal guidance regarding seizure disorders in reaching its decision to terminate benefits. Bloom's allegations are supported by documents Hartford voluntarily produced in discovery, including its claims manual, as well as the deposition testimony of its representative, Bruce Luddy. Hartford, unable to rebut Bloom's argument, asks this Court to simply ignore its improper conduct by striking the relevant exhibits.

Hartford claims these documents are inappropriate for consideration because they are not part of the administrative record. The documents, however, are part of Hartford's institutional knowledge and therefore information that would be considered in the evaluation of Bloom's claim. There is no legitimate dispute that the exhibits are relevant to Bloom's claim and bear

directly on the reasonableness of Hartford's claim decision, which is the inquiry this Court must undertake.

The decisions Hartford cites in support of its motion do not instruct that this Court should strike evidence that was in the administrator's possession and could have been considered during the evaluation of Bloom's claim, but rather the uncontroversial proposition that materials not before the administrator at the time of the decision are not part of the administrative record. *Melech v. Life Ins. Co. of N. Am.*, 2012 WL 4210506 (S.D. Ala. Sep. 18, 2012) (excluding evidence from Social Security disability claim file that was not submitted to administrator); *Martucci v. Hartford Life Ins. Co.*, 863 F. Supp. 2d 269 (S.D.N.Y. 2012) (excluding materials Hartford produced in discovery in other ERISA cases).[1] Hartford references only a single case that excludes the deposition of two claims managers, without providing any detail about their involvement with the benefit decision at issue. *See Kludka v. Qwest Disability Plan*, 2012 WL 1681983 (D. Ariz. May 14, 2012). The testimony Bloom references directly pertains to the evaluation of Bloom's claim and the reasonableness of Hartford's decision. These are appropriate areas of inquiry, and Hartford offers no authority to support the excluding the testimony of the representative it designated to testify on these subjects.

Hartford also references two decisions that purport to exclude evidence contained in the insurer's training or instruction manuals. *Neathery v. Chevron Texaco Corp. Group Accident Policy*, 2009 WL 3199173 (S.D. Cal. 2009); *Studer v. A Plus Benefits, Inc.*, 2009 WL 1379453 E.D. Ky. May 18, 2009). The decisions do not indicate the claimant's purpose in offering the materials or how they were secured, but courts in this Circuit have expressly held that "a court might consider such evidence as whether the administrator can demonstrate the existence of a

---

[1] One of the cases Hartford cites does not discuss the exclusion of pertinent evidence. *Frost v. Hartford Life & Accident Ins. Co.*, 2010 WL 335507 (D.N.H. Jan. 28, 2012).

routine practice by which it reviews claims, and that it followed that routine practice in the present case." *Fick v. Metropolitan Life Ins. Co.,* 347 F. Supp. 1271, 1286 (M.D. Fla. 2004) (citation omitted). Hartford's Motion to Strike must be denied.

WHEREFORE, Plaintiff, Melissa R. Bloom, respectfully requests that Defendant Hartford Life and Accident Insurance Company's Motion to Strike Exhibits O, V, and W to Plaintiff's Motion for Summary Judgment be denied.

**VER PLOEG & LUMPKIN, P.A.**
COUNSEL FOR PLAINTIFF
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558

/s/ Benjamin C. Hassebrock
**Brenton N. Ver Ploeg**
Florida Bar No. 171470
bverploeg@vpl-law.com
**Benjamin C. Hassebrock**
Florida Bar No. 76504
bhassebrock@vpl-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2012 I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.

/s/ Benjamin C. Hassebrock
**Benjamin C. Hassebrock**

CASE NO.: 9:11-cv-81393-KLR

## SERVICE LIST
## Case No.: 9:11-cv-81393-KLR

**Shutts & Bowen LLP**
1500 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131
(305) 347-7390
(305) 347-7790 *facsimile*
**William J. Gallwey, III, Esq.**
Florida Bar No. 199133
wgallwey@shutts.com
**Jonathan M. Fordin, Esq.**
Florida Bar No. 371637
jfordin@shutts.com
**Jerel C. Dawson, Esq.**
Florida Bar No. 152390
jdawson@shutts.com
Attorneys for Defendant