UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  9:11-cv-81393-KLR

MELISSA R. BLOOM,

 *Plaintiff,*

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

 *Defendant.*
_____/

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT ADMINISTRATIVE RECORD

Plaintiff, Melissa R. Bloom, ("Bloom") by and through undersigned counsel, files her Reply in Support of her Motion to Supplement Administrative Record, and in support states as follows:

The evidence Bloom seeks to have admitted to the administrative record conclusively establishes that she suffers from the very seizures Hartford contends she is fabricating.  Hartford is unsurprisingly eager to prevent the Court from considering this evidence, but overreaches by attempting to categorically preclude the consideration of supplemental evidence.  Under ERISA, courts generally limit review to the insurer's administrative record, but there is no support for Hartford's suggestion that this rule is dogmatically applied.  To the contrary, federal courts have consistently rejected Hartford's intractable position and granted motions to supplement even when applying an arbitrary and capricious standard of review.  *See Hill v. Hartford Life & Accident Ins. Co.*, 743 F. Supp. 2d 569, 574-75 (W.D. Va. 2010); *Galloway v. Lincoln Nat'l Life*

*Ins. Co.*, No. C09-1479JLR, 2010 WL 2679894, at *6-9 (W.D. Wash. July 2, 2010);[1] *Smith v. FedEx Freight East, Inc.*, No. 08-cv-1905, 2010 WL 456779 (M.D. Pa. Feb. 1, 2010);[2] *Dirkes v. Hartford Life Group Ins. Co.*, No. 1:05cv254, 2008 WL 2788059, at *12-13 (S.D. Ohio July 15, 2008);[3] *Abate v. Hartford*, 471 F. Supp. 724, 732-34 (E.D. Tex. 2006); *Glasgow v. Methodist Healthcare-Memphis Hosps. Plan 503*, No. 02-2234MV, 2005 WL 3844060, at *4-5 (W.D. Tenn. Dec. 2, 2005);[4] *see also Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 973 (9th Cir. 2006) (procedural irregularities, such as failure to provide full and fair review, permit supplemental evidence); *Zervos v. Verizon New York, Inc.*, 277 F.3d 635, 646 (2d Cir. 2002) ("incompleteness of an administrative record might – under certain circumstances – constitute good cause" to supplement record).

The Eleventh Circuit is likely to permit a claimant to supplement the record for good cause, not only because the exception is almost universally recognized in federal law, but because this Circuit counts itself "among the more liberal courts in permitting supplementation of the record upon *de novo* review." *Sanzone v. Hartford Life & Accident Ins. Co.*, 519 F. Supp. 2d 1250, 1253 (S.D. Fla. 2007). In *Sanzone*, this Court followed the Eleventh Circuit's jurisprudence by adopting the prevailing rule that a district court applying an arbitrary and capricious standard of review can supplement the administrative record for good cause. Bloom has not misread the import of this case, contrary to Hartford's suggestion. Hartford correctly recognizes that *Sanzone* reversed its finding of good cause on reconsideration when presented with key facts that had been previously overlooked, but the court did not retract its legal analysis

---

[1] A copy of the *Galloway* decision is attached as Exhibit A.

[2] A copy of the *Smith* decision is attached as Exhibit B.

[3] A copy of the *Dirkes* decision is attached as Exhibit C.

[4] A copy of the *Glasgow* decision is attached as Exhibit D.

permitting supplemental evidence on a showing of good cause.  That *Sanzone* did not ultimately consider the supplemental evidence offered is irrelevant; the decision stands for the principle that a district court must consider whether a claimant has shown good cause when determining whether it should consider evidence outside the administrative record.  This is hardly a novel proposition, as reflected in the plethora of federal ERISA decisions identified above.

Bloom has shown good cause to supplement the administrative record by establishing, through Hartford's own internal guidelines and testimony, that Bloom did not receive the full and fair claim review required under 29 U.S.C. §1133(2).  Hartford does not even dispute that its review failed to comply with its own claims practices – a tacit admission that its benefit termination was produced by arbitrary means.  Rather, Hartford continues in its effort to preclude critical evidence from the record by suggesting only that it had no obligation to "create or obtain evidence to support Bloom's claim." (Def.'s Opp. at 3.)  Again, the law is not as draconian as Hartford suggests, but even if Hartford's argument were well-taken in the abstract, it completely eludes the evidence present here.

Hartford serves in a fiduciary capacity when evaluating claims, and therefore "may be required to gather readily available information when the evidence in the administrative record suggests that the information might confirm the beneficiary's theory of entitlement." *Lelu v. Hartford Life & Accident Ins. Co.*, 626 F. Supp. 2d 1229, 1231 (M.D. Fla. 2009) (citing *Gaither v. Aetna Life Ins. Co.*, 394 F.3d 792, 807-08 (10th Cir. 2004)).  Hartford did not merely fail to "create or obtain" evidence, but acted unreasonably by relying upon a lack of objective evidence to terminate benefits when it did not gather or consider the evidence readily available – in violation of its own suggested practices – then compounded this failure by not notifying Bloom of its omissions, depriving her of the opportunity to adequately support her claim.  The evidence

CASE NO.: 9:11-cv-81393-KLR

demonstrates Hartford adopted this unfair approach in several respects, such as:

- Hartford claimed a lack of objective evidence to support Bloom's seizures, yet ignored her treating physician's report that she had an abnormal EEG, and never advised Bloom that it had been unable to obtain the EEG in its claim review;

- Hartford acknowledged that it should obtain formal testing to support Bloom's cognitive impairment if not otherwise contained in the record, and prepared a referral for a neuropsychologist to conduct this testing, but then elected not to complete the referral (without explanation) and never advised Bloom that she needed to obtain formal testing to support her claim;

- Hartford failed to acknowledge any consideration of Bloom's award of Social Security disability benefits, in violation of its claims guidelines;

- Hartford relied upon its surveillance of Bloom's driving as a basis to terminate benefits, despite the fact that Bloom had reported driving consistent with what Hartford observed, and Hartford conducted no inquiry about her driving restrictions or limitations.

Federal courts have been motivated by similar, if not less persuasive, facts when permitting a claimant to supplement the record. In *Galloway*, for example, the court found that the administrator failed to address relevant evidence by not conducting a vocational assessment, permitting the claimant to supplement the record with his own vocational assessment. 2010 WL 2679894, at *8. In *Hill*, the court found that the insurer's failure to conduct a functional capacity examination (FCE), after recognizing the potential for the exam to support the claimant's disability, warranted remand to supplement the record with an FCE. 743 F. Supp. 2d at 574-75. In *Glasgow*, the court found that the insurer's reliance upon an unqualified physician referral warranted remand to supplement the record with a medical review by a physician specializing in the area of the claimant's disability. 2008 WL 2788059, at *12-13. Each of these cases reflects that the insurer's failure to gather certain readily available information or advise the claimant that it was omitted from the record – like Hartford's decision to exclude the neuropsychologist exam and the abnormal EEG, coupled with its failure to notify Bloom of these critical omissions –

provide good cause for a claimant to supplement the record. The same result should obtain here. This Court should admit the supplemental evidence Bloom has provided to the administrative record, and if Bloom is not granted summary judgment on the evidence presently available to the Court, remand this claim for submission of additional evidence and Hartford's further consideration.

## CONCLUSION

WHEREFORE, Plaintiff Melissa R. Bloom, respectfully requests an Order granting this motion and supplementing Hartford's administrative record with the abnormal EEG and recent hospital records Bloom previously submitted to Hartford.

VER PLOEG & LUMPKIN, P.A.
COUNSEL FOR PLAINTIFF
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558

/s/ Brenton N. Ver Ploeg
**Brenton N. Ver Ploeg**
Florida Bar No. 171470
bverploeg@vpl-law.com
**Benjamin C. Hassebrock**
Florida Bar No. 76504
bhassebrock@vpl-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 20th, 2012 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.


/s/ Brenton N. Ver Ploeg
**Brenton N. Ver Ploeg**


## SERVICE LIST
### Case No.:  9:11-cv-81393-KLR

**Shutts & Bowen LLP**
1500 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131
(305) 347-7390
(305) 347-7790 *facsimile*
**William J. Gallwey, III, Esq.**
Florida Bar No. 199133
wgallwey@shutts.com
**Jonathan M. Fordin, Esq.**
Florida Bar No. 371637
jfordin@shutts.com
**Jerel C. Dawson, Esq.**
Florida Bar No. 152390
jdawson@shutts.com
Attorneys for Defendant