**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:  9:11-cv-81393-KLR**

MELISSA R. BLOOM,

  *Plaintiff,*

v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

  *Defendant.*

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO STRIKE EXHIBIT "A" TO PLAINTIFF'S RESPONSE IN**
**OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT**

Plaintiff, Melissa R. Bloom, ("Bloom") by and through undersigned counsel, hereby files her Response in Opposition to Defendant's Motion to Strike Exhibit A to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, and in support states as follows:

Exhibit A to Bloom's response to Hartford's Motion for Summary Judgment is an excerpt from Hartford's claim manual, which requires Hartford to notify claimants when critical information is absent from the administrative record.  Hartford failed to comply with this guideline when it terminated Bloom's benefits based on a lack of objective evidence without advising that it did not consider the abnormal EEG referenced by her neurologist or the neuropsychological testing Hartford required to support her cognitive impairment.

Bloom has previously submitted other excerpts of Hartford's claims manual and deposition testimony that establish additional violations of its standardized claims practices, including its improper rush to conduct surveillance and its failure to secure cognitive testing or

consider Bloom's Social Security disability award.  Hartford has not refuted Bloom's claims by suggesting it actually complied with its claim guidelines, nor attempted to explain why it departed from standard practice in this case.  Rather, Hartford seeks to avoid the consequences of its conduct by asking this Court to simply ignore its guidelines.

Bloom already addressed Hartford's arguments in response to Hartford's prior effort to strike similar evidence of its arbitrary claims handling, and incorporates that response by reference here.  [D.E. 66.]  In determining whether Hartford's decision to terminate Bloom's benefits was reasonable, this Court should "consider such evidence as whether the administrator can demonstrate the existence of a routine practice by which it reviews claims, and that it followed that routine practice in the present case."  *Fick v. Metropolitan Life Ins. Co.*, 347 F. Supp. 1271, 1286 (M.D. Fla. 2004) (citation omitted).  Hartford has not supplied any authority from this Circuit rejecting this view, and federal courts routinely consider evidence of an insurer's standardized claims guidance when evaluating the reasonableness of its claims decision.  *See Chronister v. Unum Life Ins. Co. of Am.*, 563 F.3d 773, 776-77 (8th Cir. 2009); *Mullins v. AT&T Corp.*, 290 Fed. Appx. 642, 644-46 (4th Cir. 2008); *O'Reilly v. Hartford Life & Accident Ins. Co.*, 272 F.3d 955, 961-62 (7th Cir. 2001); *Taaffe v. Life Ins. Co. of N. Am.*, 769 F. Supp. 2d 530, 534 (S.D.N.Y. 2011); *Sullivan v. Paul Revere Life Ins. Co.*, 820 F. Supp. 2d 1131, 1137-38 n.7-8, 10 (N.D. Ala. 2011); *Oster v. Standard Life Ins. Co.*, 759 F. Supp. 2d 1172, 1179 n.1 (N.D. Cal. 2011); *Nevitt v. Standard Ins. Co.*, No. 1:08-CV-3641-TWT, 2009 WL 4730316, at *5 (N.D. Ga. Dec. 3, 2009); *Smith v. Jefferson Pilot Fin. Ins. Co.*, 607 F. Supp. 2d 266, 271 (D. Mass. 2009); *Parisi v. UnumProvident Corp.*, No. 3:03CV01425(DJS), 2007 WL 4554198, at *10 (D. Conn. Dec. 21, 2007); *Wallace v. Metropolitan Life Ins. Co.*, 332 F. Supp. 2d 1280, 1286-87 (D.S.D. 2004); *Pearce v. Paul Revere Life Ins. Co.*, No. Civ.01-665 PAM/RLE, 2002

WL 1976014, at *6 (D. Minn. Aug. 23, 2002); *Butler v. Shoemake*, 173 F. Supp. 2d 1069, 1073-74 (D. Or. 2001); *Pengilly v. Guardian Life Ins. Co. of Am.*, 81 F. Supp. 2d 1010, 1023 (N.D. Cal. 2000).  Hartford's Motion to Strike must be denied.

WHEREFORE, Plaintiff, Melissa R. Bloom, respectfully requests that Defendant Hartford Life and Accident Insurance Company's Motion to Strike Exhibit A to Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment be denied.

**VER PLOEG & LUMPKIN, P.A.**
COUNSEL FOR PLAINTIFF
100 S.E. 2nd Street, 30th Floor
Miami, Florida 33131
Telephone: (305) 577-3996
Facsimile: (305) 577-3558

/s/ Brenton N. Ver Ploeg
**Brenton N. Ver Ploeg**
Florida Bar No. 171470
bverploeg@vpl-law.com
**Benjamin C. Hassebrock**
Florida Bar No. 76504
bhassebrock@vpl-law.com

CASE NO.:  9:11-cv-81393-KLR

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2012 I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF.


/s/ Brenton N. Ver Ploeg
**Brenton N. Ver Ploeg**


## SERVICE LIST
## Case No.:  9:11-cv-81393-KLR


**Shutts & Bowen LLP**
1500 Miami Center
201 South Biscayne Blvd.
Miami, FL 33131
(305) 347-7390
(305) 347-7790 *facsimile*
**William J. Gallwey, III, Esq.**
Florida Bar No. 199133
wgallwey@shutts.com
**Jonathan M. Fordin, Esq.**
Florida Bar No. 371637
jfordin@shutts.com
**Jerel C. Dawson, Esq.**
Florida Bar No. 152390
jdawson@shutts.com
Attorneys for Defendant